IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| ETHEL D. CHEATAM, | § § § § | |
| *Plaintiff*, | § § | NO. 1:24-CV-449-MJT-ZJH |
| v. | § § | |
| FAMILY DOLLAR STORE, | § § § | JUDGE MICHAEL TRUNCALE |
| *Defendant*. | § § | |

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On November 5, 2024, the Court referred this case to the Honorable Zack Hawthorn, United States Magistrate Judge, for pre-trial management. On May 22, 2025, Judge Hawthorn issued a *Report and Recommendation* [Dkt. 10] recommending dismissal of *pro se* Plaintiff Ethel D. Cheatam's case for lack of subject-matter jurisdiction.[1] On June 6, 2025, Cheatam filed an objection to Judge Hawthorn's report. [Dkt. 11].

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(l)(c); FED. R. CIV. P. 72(b)(2)–(3). The Court has reviewed Judge Hawthorn's *Report and Recommendation* and has considered Cheatam's objection. The Court holds that Judge Hawthorn's findings and conclusions of law are correct, and that Cheatam's objections are without merit.

---

[1] The Court necessarily holds her pleadings to "less stringent standards than formal pleadings drafted by lawyers" and construes them liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Perez v. United States*, 312 F.3d 191, 194-95 (5th Cir. 2002).

Judge Hawthorn's recommendation for dismissal relies on the fact that Cheatam only pled $60,000 in damages, below the threshold of more than $75,000 that is required for diversity jurisdiction. [Dkt. 10 at 3]; 28 U.S.C. § 1332(a). In her objection, Cheatam states that she "will ask for $75,000." [Dkt. 11 at 2].

Because Cheatam is proceeding *pro se*, the Court treats Cheatam's objection as an attempt to amend her complaint to satisfy diversity jurisdiction. While amendments are ordinarily granted freely, the Fifth Circuit has repeatedly held that Rule 15 cannot be used to manufacture subject-matter jurisdiction where it did not exist at the time of filing. FED. R. CIV. P. 15(a)(2); *See Fed. Recovery Servs., Inc. v. United States*, 72 F.3d 447, 453 (5th Cir. 1995) ("[R]egardless of when the district court actually determines it lacks subject matter jurisdiction over the original plaintiff, 'Rule 15 do[es] not allow a party to amend to create jurisdiction where none actually existed.'") (quoting *Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770, 776 (5th Cir. 1986). Amendments may be permitted to clarify or correct jurisdictional allegations that were imperfectly stated, but they may not be used to alter the underlying jurisdictional facts themselves. *Whitmire v. Victus Ltd.*, 212 F.3d 885, 888 (5th Cir. 2000) (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 831, 832 n.5 (1989). If subject matter jurisdiction does not exist, it may not be created by amendment. *Whitmire*, 212 F.3d at 888 (5th Cir. 2000) (citing Moore et al., Moore's Federal Practice § 15.14[3], at 15–34 (3d ed. 1999).

Reading Cheatam's objection [Dkt. 11] as an amendment would not merely fail to correct a technical defect–it would improperly attempt to establish diversity jurisdiction when it did not initially exist. Here, Cheatam's original complaint affirmatively alleged damages of only $60,000, which is below the $75,000 threshold under 28 U.S.C. § 1332. Cheatam's subsequent attempt to

amend the damages figure is not a proper use of Rule 15, but rather an impermissible effort to retroactively create jurisdiction.

When deciding whether it should grant Cheatam leave to amend her complaint, the Court may consider factors "such as undue delay, bad faith or dilatory motive on the part of the movant." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  In her objection, Cheatam writes, "Yes I've asked for $60,000 I did not know I had to ask for more.  If that is the case, then I'll ask for $75,000."  [Dkt. 11 at 2].  But during an earlier *Spears* hearing, Cheatam was asked what guided her choice to claim $60,000, and she explained that she "just put $60,000. It doesn't have to be that high."  [Dkt. 9 at 12:6–13].  Cheatam's conflicting statements made during the *Spears* hearing [Dkt. 9] and in her objection [Dkt. 11] lead this Court to the conclusion that Cheatam's attempt to amend is made solely to acquire subject matter jurisdiction and is not a genuine effort to rectify jurisdictional defects.[2]

It is, therefore, ORDERED that Judge Hawthorn's *Report and Recommendation* [Dkt. 10] is ADOPTED and that Plaintiff's objection [Dkt. 11] is OVERRULED.  A final judgement will be entered in this case, in accordance with the magistrate judge's recommendation.

**SIGNED this 9th day of September, 2025.**

Michael J. Truncale
United States District Judge

---

[2] The Court also notes that United States District Judge Marcia Crone dismissed a previous *pro se* lawsuit Cheatam filed because she committed fraud on the Court. *See Cheatam v. JC Penney Co., Inc.*, No. 1:16cv00072-MAC, 201 WL 773028 (E.D. Tex. Nov. 10, 2016), report and recommendation adopted, No. 1:16-CV-72, 2017 WL 123806 (E.D. Tex. Jan. 12, 2017).